IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Shawn J. Harris, )
    Petitioner, )
     )
v. ) 1:14cv67 (LO/TCB)
     )
Harold W. Clarke, )
    Respondent. )

## MEMORANDUM OPINION

Shawn J. Harris, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Hampton, Virginia of one count of breaking and entering, three counts of abduction, three counts of use of a firearm in the commission of abduction, and one count of use of a firearm in the commission of a breaking and entering. Respondent has filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the reasons that follow, petitioner's claims must be dismissed.

### I. Background

On January 27, 2010, petitioner was convicted following a bench trial in the Circuit Court for the City of Hampton. Commonwealth v. Harris, Case Nos. CR09000823-01-CR09000823-08. On April 2, 2010, he was sentenced to forty-three years' imprisonment, with twenty years suspended. Petitioner pursued a direct appeal to the Court of Appeals of Virginia alleging that the evidence was insufficient to support each of his convictions. The Court of Appeals denied the petition for appeal on October 27, 2010, and a three-judge panel denied the

petition for rehearing on February 3, 2011. Harris v. Commonwealth, R. No. 0705-10-1 (Va. Ct. App. 2011).[1] On August 5, 2011, the Supreme Court of Virginia refused the petition for appeal. Harris v. Commonwealth, R. No. 110409 (Va. 2011).

On August 15, 2012, petitioner filed a petition for writ of habeas corpus in the Circuit Court for the City of Hampton, claiming that (1) the evidence was insufficient to support his conviction for use of a firearm during the commission of a breaking and entering; (2) the evidence was insufficient to support his conviction for abduction of Miranda Hicks; (3) the evidence was insufficient to support his conviction for use of a firearm in the abduction of Miranda Hicks; (4) the evidence was insufficient to support his conviction for abduction of James Saunders-Carlisle; (5) the evidence was insufficient to support his conviction for use of a firearm in the abduction of James Saunders-Carlisle; (6) the evidence was insufficient to support his conviction for abduction of Shemecca Perry; and (7) the evidence was insufficient to support his conviction for use of a firearm in the abduction of Shemecca Perry. Harris v. Clarke, Case No. CL12002023-00. The court denied the petition on December 21, 2012. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on October 30, 2013, on the basis that petitioner had not complied with Rule 5:17(c)(1)(i) of the Rules of the Supreme Court of Virginia.[2] Harris v. Clarke, R. No. 130642 (Va. 2013).

---

[1] The Court of Appeals remanded the case to the trial court for the sole purpose of correcting an error in the final sentencing order. See Harris v. Commonwealth, slip op., at 1 n.1.

[2] Rule 5:17(c)(1)(i) provides:
*What the Petition Must Contain.* A petition for appeal must contain the following:
(1) Assignments of Error. Under a heading entitled "Assignments of Error," the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely. An exact reference to the page(s) of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken shall be included with each assignment of error but is not part of the assignment of error.

2

On January 14, 2014, petitioner filed the instant federal habeas petition,[3] alleging that (1) the evidence was insufficient to sustain his conviction for use of a firearm in the commission of a breaking and entering; (2) the evidence was insufficient to sustain his conviction for abduction of Miranda Hicks; (3) the evidence was insufficient to sustain his conviction for the use of a firearm in the abduction of Miranda Hicks; (4) the evidence was insufficient to sustain his conviction for abduction of James Saunders-Carlisle; (5) the evidence was insufficient to sustain his conviction for use of a firearm in the abduction of James Saunders-Carlisle; (6) the evidence was insufficient to sustain his conviction for abduction of Shemecca Perry; and (7) the evidence was insufficient to sustain his conviction for use of a firearm in the abduction of Shemecca Perry.

On June 10, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner filed a response on July 24, 2014. Based on the pleadings and record before this Court, it appears that petitioner has exhausted all of his claims as required under 28 U.S.C. § 2254. However, this petition must be dismissed, as barred by the applicable statute of limitations.

## II. Timeliness

A § 2254 petition for a writ of habeas corpus must be dismissed if filed more than one year after (1) the judgment of conviction becomes final; (2) the removal of any state-created impediment to the filing of the petition; (3) recognition by the United States Supreme Court of

---

(i) Effect of Failure to Assign Error. Only assignments of error assigned in the petition for appeal will be noticed by this Court. If the petition for appeal does not contain assignments of error, the petition shall be dismissed.

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). Petitioner stated that he placed his petition in the prison mail system on January 14, 2014. The court received the petition on January 17, 2014.

the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Based on the records of the state proceedings, petitioner's conviction became final on November 3, 2011, the last day on which he could have petitioned the United States Supreme Court for a writ of certiorari.[4] In calculating the one-year statute of limitations period, however, a federal court must toll any time during which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Whether a state post-conviction proceeding is "properly filed" is determined by applicable state law, as interpreted by state courts. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Petitioner filed his petition for a writ of habeas corpus in the Circuit Court for the City of Hampton on August 15, 2012. At that time, 286 days of the one-year limitations period had run. The court denied his petition on December 21, 2012. Accordingly, the period between August 15, 2012 and December 21, 2012 tolled the running of the statute of limitations. Between December 21, 2012, and January 14, 2014, when petitioner filed this federal petition for a writ of habeas corpus, an additional 388 days passed. Added together, 674 days passed between the date petitioner's conviction became final and the date on which he filed his federal petition. Accordingly, petitioner filed his petition 309 days beyond the one-year statute of limitations.

The period between December 21, 2013, and October 30, 2013, when petitioner's appeal of his state habeas petition was pending, did not toll the running of the statute of limitations, as petitioner's appeal to the Supreme Court of Virginia was not "properly filed" within the

---

[4] See U.S. Sup. Ct. R. 13(1) (petitions for a writ of certiorari are timely if filed within 90 days of the entry of final judgment by a state court of last resort).

4

meaning of § 2244(d)(2). In order for a petition for appeal to be properly filed, Rule 5:17(c)(1) of the Rules of the Supreme Court of Virginia requires an appellant to clearly describe the specific assignments of error in the lower court judgment. These assignments of error must be preserved "clearly and concisely, and without extraneous argument." The petition must also include reference to the specific page number in the lower court's record. Va. S. Ct. R. 5:17(c)(1). A review of petitioner's appeal from the circuit court's denial of his state habeas petition reveals that petitioner provided the same arguments as he provided in his original petition for appeal, and did not rely on specific page numbers in the circuit court's record. See Respondent's Brief in Support of Motion to Dismiss ("Resp.'s Brief") [Dkt. 12], Ex. 8. Accordingly, the Supreme Court of Virginia refused petitioner's appeal as not properly filed within the meaning of Rule 5:17(c)(1)(i).

Because petitioner's appeal to the Supreme Court of Virginia was not properly filed, this appeal did not toll the running of the statute of limitations. See Christian v. Bakerville, 232 F. Supp.2d 605, 607 (E.D. Va. 2001) (Cacheris, J.), cert. of appealability denied, 47 F. App'x 200 (4th Cir. 2001); see also Escalante v. Watson, 488 F. App'x 694, 697-98 (4th Cir. 2012) (quoting Christian) (explicitly agreeing with the logic of Christian and finding that failure to comply with Rule 5:17(c) did not toll the statute of limitations). Accordingly, the period between December 21, 2012 and October 30, 2013, was not tolled, and the petition was not timely filed in this Court.

Petitioner contends that Christian is inapposite to the facts of his case, as he contends that the Supreme Court of Virginia, in its order permitting him to file an appeal from the circuit court's denial of his habeas petition, deemed his appeal to be timely filed. See Petitioner's Traverse to Motion to Dismiss ("Pet.'s Traverse") [Dkt. 19], at 38. From the attached exhibits,

it appears that petitioner filed his petition for appeal, accompanied by a certificate of service, on April 18, 2013. On June 20, 2013, the Supreme Court of Virginia granted the petition for appeal, stating, "[t]o the extent that the certificate of service requests an extension of time to file a petition for appeal, the Court grants the request and the petition is considered timely filed." Id. Ex. A. Thus, petitioner contends that, because the court explicitly held that his petition for appeal had been timely filed, his failure to comply with Rule 5:17(c) is irrelevant for purposes of the timeliness analysis. See id. at 38.

The U.S. Supreme Court has held, however, that, to be "properly filed," and thus to toll the running of the statute of limitations, an application must comply with the "applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and the office in which it must be lodged, and the requisite filing fee." Artuz, 531 U.S. at 8 (footnote omitted). Accordingly, even if a document is filed in a timely manner, its filing will not toll the running of the statute of limitations unless it is "properly filed" in accordance with all required procedural requirements. A timely filing, standing alone, is not dispositive of the tolling question. See Christian, 232 F. Supp. 2d at 607 ("[J]ust because a particular application is pending, does not mean that it was properly filed.") (citing Artuz, 531 U.S. at 8). Therefore, petitioner's petition for rehearing, although deemed to be timely filed by the Supreme Court of Virginia, was not "properly filed," and thus did not toll the running of the statute of limitations.

Petitioner also states that his petition for rehearing should toll the running of the statute of limitations because "there was no indication or notification [in the Supreme Court of Virginia's order granting his petition for appeal] that the Appeal would not be subject to equitable tolling." He states that this fact proves that his "actual filings were always within the

time limits specified by the courts. It is only through a legislative 'loophole' that the Commonwealth claims that the Present Petition is Time-Barred [sic]." Pet.'s Traverse, at 38-39. He argues that, because he had no notice of the fact that his petition for appeal would not toll the statute of limitations, it would be "unconscionable" not to toll the statute of limitations. Id. at 39. Petitioner thus appears to be arguing that, even if his petition is deemed to be time-barred, he is entitled to equitable tolling of the statute of limitations.

"[Section] 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 634 (2010); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). However, "any resort to equity must be reserved for those instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d at 246. Therefore, for equitable tolling to apply, a petitioner must establish that (1) he has been diligently pursuing his rights, and that (2) some "extraordinary circumstance," beyond his control and external to his own conduct, interfered with his ability to timely file his petition. Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418).

Petitioner has not provided any facts that would support equitable tolling. Although it is true that the Supreme Court of Virginia's order granting petitioner's petition for appeal did not indicate that an improperly-filed petition would affect the federal statute of limitations, the court was under no duty to provide such information. In addition, petitioner clearly understood the federal statute of limitations, as he provided a coherent explanation for the timeliness of his petition in both his initial petition and his response to this Court's Order addressing the statute of limitations. See Pet., at 14; Petitioner's Response to Jan. 28, 2014 Order [Dkt. 6], at 1-3. He has also not contested the application of Rule 5:17(c) to his petition for appeal, nor does he

indicate that he did not have notice of this rule. Therefore, he has not established that some circumstance outside of his control interfered with his ability to timely file his petition. Equitable tolling is therefore not applicable to the instant petition.

### III. Actual Innocence

Petitioner also argues that, because he is actually innocent, this Court should excuse the untimeliness of his petition and consider the merits of his claim, pursuant to McQuiggan v. Perkins, _ U.S. _, 133 S. Ct. 1924 (2013). Under McQuiggan, a petitioner may use a credible showing of actual innocence as a gateway to overcome the statute of limitations and have his claim considered on the merits. Id. at 1928. To make such a credible showing of actual innocence, a petitioner must present new evidence that, when considered, proves that "it is more likely than not that no reasonable juror would have found the defendant guilty." Schlup v. Delo, 513 U.S. 298, 324, 329 (1995); see also Murray v. Carrier, 477 U.S. 478, 495 (1986) (plurality opinion) (internal citations and quotation marks omitted) ("[T]he principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration"). Claims of actual innocence are rare, and a federal court should apply such a claim only in the most "extraordinary" of circumstances. See, e.g., House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327); Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998) ("Claims of actual innocence . . . should not be granted casually.") (internal citations omitted).

To present a credible claim of actual innocence, a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. This standard reflects the fact that actual innocence is based on factual, rather than legal, innocence.

8

See, e.g., Sawyer v. Whitley, 503 U.S. 333, 339-40 (1992). Thus, a petitioner must do more than simply show that the evidence used to convict him was legally insufficient – he must present new evidence tending to show that he is factually innocent of his crime. See Anderson v. Clarke, No. 3:13cv528, 2014WL 6712639, at *3 (E.D. Va. Nov. 26, 2014) (citing Calderon v. Thompson, 523 U.S. 538, 559 (1998)), appealed, No. 14-7817 (4th Cir. Dec. 24, 2014).

Here, petitioner claims that he is actually innocent of his three counts of abduction because the evidence presented at trial was insufficient to prove all statutory elements of abduction. See, e.g., Pet.'s Traverse, at 28-30. Similarly, he argues that his convictions for three counts of the use of a firearm in the commission of abduction, as well as the use of a firearm in the commission of a breaking and entering, violated the rule established in Bailey v. United States, 516 U.S. 137 (1995), abrogated by statute, 112 Stat 2681, Pub. L. No. 105-277 (1998). See, e.g., Pet.'s Traverse, at 3-7, 14-19. In Bailey, the Court held that, in order to be convicted of "use" of a firearm, the defendant must actively employ the firearm to commit the underlying act. Bailey, 516 U.S. at 142-43; see also Rowland v. Commonwealth, 281 Va. 396, 399-402, 707 S.E.2d 331, 333-334 (2011) (holding that an individual must actually display a firearm during all elements of a burglary to be convicted of use of a firearm during the commission of a burglary). Petitioner states that, because there was no evidence that he actively employed a firearm during the crime, he is actually innocent of his convictions. See, e.g., Pet.'s Traverse, at 6-7.

Petitioner has not provided any new evidence to support his actual innocence claim, however. Indeed, he argues only that the evidence presented at trial was legally insufficient to convict him. As discussed above, a petitioner cannot rely on the legal insufficiency of evidence presented at trial to argue that he is actually innocent. Petitioner must present some new

9

credible evidence to show that he is factually innocent of the crimes. As petitioner has not provided such evidence, he has not met the standard for actual innocence. Accordingly, the statute of limitations cannot be excused pursuant to McQuiggan, 133 S. Ct. at 1924.

### IV. Conclusion

For the above-stated reasons, this petition was filed beyond the one-year limitations period of § 2244(d)(2), and must be dismissed. An appropriate Judgment and Order shall issue.

Entered this 18th day of March 2015.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge